UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT STONE,

    Plaintiff,

v.                                                 Case No. 8:24-cv-2631-TPB-CPT

BOB EVANS RESTAURANTS, LLC,

    Defendant.
_____/

**ORDER REMANDING CASE**

    This matter is before the Court on Defendant Bob Evans Restaurants, LLC's notice of removal and Plaintiff's complaint. (Doc. 1). Upon review of the notice of removal, state court complaint, court file, and record, the Court finds as follows:

**Background**

    On January 7, 2021, Plaintiff Robert Stone filed an action in state court. In the complaint, Plaintiff alleges that Defendant Bob Evans Restaurants, LLC wrongfully terminated him after he made several discrimination complaints to the Occupational Safety and Health Administration ("OSHA"). He asserts various claims for sexual discrimination, workplace harassment, gross negligence, and retaliation. On November 12, 2024, Defendant removed this case asserting federal question jurisdiction.

**Legal Standard**

    Federal courts, as courts of limited jurisdiction, have an obligation to inquire into their subject matter jurisdiction. *See, e.g., Kirkland v. Midland Mortgage Co.,*

243 F.3d 1277, 1279-80 (11th Cir. 2001); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

## Analysis

"Whenever subject matter jurisdiction is in doubt, the Court has an affirmative obligation to review jurisdiction *sua sponte* prior to moving forward with a case." *Worldwide Aircraft Services Inc. v. Worldwide Insurance Services, LLC*, No. 8:24-cv-2020, 2024 WL 4492230, at *2 (M.D. Fla. Oct. 15, 2024) (citing *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007)). Here, the Court's subject matter jurisdiction is predicated solely on federal question jurisdiction. Upon review of the complaint and the record, the Court concludes that it lacks subject matter jurisdiction over this case.

"Federal question jurisdiction 'exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Brokers v. Matthews*, No. 1:21-cv-0567-TWT-LTW, 2021 WL 918814, at *2 (N.D. Ga. Feb. 17, 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Plaintiff's

complaint for discrimination and retaliation appears to rely on state law. *See Caterpillar*, 482 U.S. at 392 ("This rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). Defendant claims that the complaint presents a federal question because Plaintiff alleges violations of a federal statute, OSHA. It is not obvious to the Court that Plaintiff actually alleges any sort of OSHA claims – in Counts 1 and 7, although he refers to violations of OSHA, he also refers to violations of corporate policy and Florida statutes.

To the extent that the Court could read Counts 1 and 7 to be claims for OSHA retaliation, courts have held that there is no private right of action under OSHA. Section 11(c) of the Occupational Safety and Health Act "prohibits an employer from discriminating against or discharging an employee after the employee files a complaint with OSHA. *See* 29 U.S.C. § 660(c)(1). "However, the section provides that, 'within thirty days after such violation occurs,' a person may 'file a complaint with the Secretary [of Labor] alleging such discrimination' to seek relief." *Nicholson v. Waste Management, LLC*, No. CV423-295, 2024 WL 4171375, at *5 (S.D. Ga. July 31, 2024), *report and recommendation adopted*, 2024 WL 3952166 (S.D. Ga. Aug. 27, 2024). To be clear, "there is no private right of action under federal law for a private employer's retaliatory discharge under OSHA." *Id.* (citing *George v. Aztec Rental Ctr. Inc.*, 763 F.2d 184, 186 (5th Cir. 1985); *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976 (5th Cir. 1975); *Smith v. City of Conyers, GA*, No. CIVA 106-CV-1242-GET, 2007 WL 313467, at *6 (N.D. Ga. Jan. 30, 2007)). Plaintiff's bare references to

Page 3 of 5

OSHA cannot state a federal claim because there is no private right of action under OSHA.

To the extent that Defendant contends Plaintiff's state law claims depend on the resolution of a federal issue because they will require a determination of whether Defendant has violated OSHA, the Court finds that "the fact that a claim requires resolution of federal law does not make the issue substantial and is not sufficient to confer federal question jurisdiction upon the Court." *See Bates v. Great Lakes Power Service Co.*, No. 8:19-cv-2378-T-36AEP, 2019 WL 13245177, at *3 (M.D. Fla. Dec. 3, 2019) (finding that claim relying on violation of OSHA did not present substantial federal question that would establish subject matter jurisdiction). The Court notes that there is no federal actor involved here, and the case does not present a pure question of federal law – it will ultimately require evidence of factual contentions related to Plaintiff's workplace complaints and termination. *See id.*, at *4. This case simply does not "have the sort of significance for the federal system necessary to establish jurisdiction." *See id.*, at *5. Rather, "if 'this case were allowed into federal court, we might as well set out the welcome mat for any and every state law employment action premised upon a violation of some federal statute, rule, or regulation.'" *See id.* (quoting *Meyer v. Health Management Associates, Inc.*, 841 F. Supp. 3d 1262, 1272 (S.D. Fla. Jan. 20, 2012)). That is untenable.

Consequently, because there is no federal question presented, the Court lacks subject matter jurisdiction. This case is due to be remanded.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This action is **REMANDED** due to lack of subject matter jurisdiction to the Circuit Court for the 12th Judicial Circuit in and for Sarasota County, Florida.

(2) Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of November, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE